NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1120

L.E.

vs.

V.E.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

At an ex parte hearing held on July 26, 2023, a Probate and Family Court judge issued a temporary abuse prevention order against the defendant (husband) at the request of the plaintiff (wife).  The docket reflects that the order was not extended and that it expired by operation of law.  Representing himself, the husband nevertheless appealed the issuance of the order.  We affirm.[1]

There was an ample basis in the wife's affidavit and testimony to support the judge's finding that the wife held an objectively reasonable fear of imminent serious physical harm by the husband.  Nothing more was required.  See Ginsberg v.

_____

[1] The expiration of the ex parte temporary order does not appear to have mooted this appeal.  See Wooldrige v. Hickey, 45 Mass. App. Ct. 637, 638 (1998).

<u>Blacker</u>, 67 Mass. App. Ct. 139, 142-143 (2006).  The husband is left to argue that the judge did not sufficiently probe the wife's allegations,[2] and that, if she had done so, the judge would not have credited those allegations.  We discern no abuse of discretion or other error in the degree of scrutiny that the judge applied.[3]

<u>Abuse prevention order</u>
  <u>entered July 26, 2023,</u>
  <u>affirmed</u>.

By the Court (Milkey, Sacks &
  Smyth, JJ.[4]),

Assistant Clerk

Entered:  April 26, 2024.

---

[2] For example, the husband argues that closer scrutiny of the wife's allegations would have revealed internal inconsistencies in them.

[3] To ensure that our ruling is not misinterpreted, we note that the husband filed a timely motion to terminate the ex parte order and the docket appears to reflect that that motion remains open.  Any recourse the husband has with respect to the relief he is seeking would be to pursue that motion.  We express no view of the merits of that motion or even whether it is moot, except to add the following observations.  Had the husband's motion to vacate been allowed, the husband would have been entitled to have copies of the abuse prevention order possessed by certain law enforcement officials ordered destroyed.  See <u>Quinn</u> v. <u>Gjoni</u>, 89 Mass. App. Ct. 408, 414 (2016).  See also <u>Vaccaro</u> v. <u>Vaccaro</u>, 425 Mass. 153, 156-157 (1997) (destruction of records in statewide domestic violence recordkeeping system not required).  Full expungement of all records is not relief to which the husband would have been entitled absent proof, "through clear and convincing evidence that the order was obtained through fraud on the court."  <u>Quinn</u>, <u>supra</u> at 414 n.14.  Nothing in the record suggests that the wife committed a fraud on the court.

[4] The panelists are listed in order of seniority.

2